### MINOR et al. v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. November 24, 1922.)

#### No. 3848.

1. **Criminal law ⬉⇒432—Waybill held admissible for identification of stolen property.**

    Where it became necessary to identify packages stolen while being transported in interstate commerce, the waybill under which they were carried *held* admissible in connection with the testimony of railway clerks, who checked the packages from it while in transit.

2. **Criminal law ⬉⇒901—Motion for directed verdict on prosecutor's case waived by introduction of evidence.**

    Where a defendant introduces evidence after the overruling of his motion for directed verdict at the close of the government's case, such ruling is not assignable as error.

In Error to the District Court of the United States for the Northern District of Texas; Wm. I. Grubb, Judge.

Criminal prosecution by the United States against E. H. Minor and Doris Greer. Judgment of conviction, and defendants bring error. Affirmed.

Arch Dawson, of Wichita Falls, Tex. (Ben Cravens and Fadjo Cravens, both of Fort Smith, Ark., on the brief), for plaintiffs in error.

Henry Zweifel, U. S. Atty., of Fort Worth, Tex. (H. L. Arterberry, Asst. U. S. Atty., of Fort Worth, Tex., on the brief), for the United States.

Before WALKER, BRYAN, and KING, Circuit Judges.

KING, Circuit Judge. Minor and Greer, with other defendants, were indicted for the offense of conspiring that said Minor and Greer would have in their possession certain cases of cigarettes moving in interstate commerce which had been stolen while being transported by the Fort Worth & Denver City Railway Company. The defendants were convicted.

---

⬉⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The errors alleged were: (1) The overruling of a demurrer to the indictment. (2) The admission of certain evidence. (3) The refusal to direct a verdict in defendant's favor.

1. There was no error in overruling the demurrer to the indictment. This assignment of error was not insisted on in the brief or argument for plaintiffs in error.

[1] 2. The objection to the introduction of the waybill under which the goods in question were transported into Fort Worth, Tex., and by which they were checked at that point was to its introduction for any purpose, upon the ground that it was hearsay. The cigarettes in question were moved in a certain car from Texarkana, Ark., to Fort Worth, Tex., en route for Memphis, Tex. The waybill in question was one of the papers accompanying said shipment. The freight check clerk of the Fort Worth & Denver City Railway Company at Fort Worth testified that he checked the cigarettes by said waybill, and found them in the car in which they were billed. He made his notation on said waybill, identifying the same. The bill clerk of said railway checked the shipment at Memphis, Tex., by the same waybill, identifying the same and his notation thereon, and the cigarettes were short. The waybill was certainly admissible in connection with this testimony of these witnesses as a part of the incidents of the handling of said freight at Fort Worth and Memphis, and the same was properly admitted. We find no merit in any of the remaining objections to testimony.

[2] 3. The motion for the direction of a verdict of acquittal was made at the conclusion of the government's case. The defendant thereafter introduced testimony and did not renew the motion. Under such circumstances, the refusal of the original motion is no longer assignable as error. However, we think that no error was committed in overruling the motion. There was sufficient evidence to warrant the jury in finding that the articles were moving in interstate commerce and that the crime charged had been committed.

The judgment of the District Court is affirmed.